# Exhibit A

FILED
Gary Harrison
CLERK, SUPERIOR COURT

5/1/2020 4:18:59 PM

BY: JAMES R. ORR /S/
DEPUTY

Case No. C20201913
HON. BRENDEN J GRIFFIN

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
(520) 322-5000

Sesaly O. Stamps (AZ # 025773)
sstamps@dmyl.com
Tyler H. Stanton (AZ # 034526)
tstanton@dmyl.com
Attorneys for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| ANTHONY PATTERSON, an Arizona resident, | NO. |
| Plaintiff, | **COMPLAINT** |
| vs. | (Assigned to ) |
| ACE HARDWARE STORES, INC., an Arizona corporation, | |
| Defendant. | |

Plaintiff, for his complaint against Defendant, alleges as follows:

1.     Plaintiff Anthony Patterson ("Patterson") is an individual residing in Pima County.

2.     Defendant Ace Hardware Stores, Inc. ("Defendant") is an Arizona corporation doing business in Pima County, Arizona.

3.     This action arises out of acts and omissions that occurred in Pima County.

4.     This Court has jurisdiction over all the parties named in and the subject matter of this action.

5.     Venue is proper.

6.     Defendant operates a hardware store at 6959 E. 22nd St., Tucson, AZ 85710.

7.     Defendant is an employer under the Fair Labor Standards Act ("FLSA").

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

8.     On or about July 27, 2008, Plaintiff entered into an employment agreement with Defendant.

9.     Plaintiff was hired as a salesman whose primary job duty was to sell various home improvement goods to customers of Defendant's store.

10.     Plaintiff was Defendant's employee under the FLSA.

11.     Defendant improperly classified Patterson as an exempt employee not subject to the overtime provisions of the FLSA.

12.     Patterson was paid a salary of $923.08 per week.

13.     Defendant routinely required Patterson to work in excess of 40 hours per week.

14.     Patterson was never compensated for the hours he worked in excess of 40 hours in those weeks.

15.     Patterson complained to Defendant that he had been improperly classified as an exempt employee and Defendant was required to pay him for all overtime hours worked.

16.     In or about January, 2019, Defendant's CPA also informed Defendant that Patterson was not properly classified as an exempt employee. Soon thereafter, Defendant fired its CPA.

17.     Following Patterson's complaint that he had been improperly classified as an exempt employee, Defendant hired and required Patterson to train two existing employees to do Patterson's job.

18.     In February, 2020, Defendant fired Patterson, claiming that he was not adequately performing his job. Specifically, Defendant claimed that Patterson was not making adequate sales.

*Patterson v. Ace Hardware Stores Inc.*; Case No. _____
\\intdmyl.com\dmylfs\edsi\files\docs\PATT14\20200197\DOC\1599028.DOCX

2

DECONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

19.     Defendant's reason for terminating Patterson's employment was a pretext for terminating Patterson's employment for complaining about Defendant's improper classification of employees and failure to pay overtime hours.

20.     Defendant replaced Patterson with the two existing employees Patterson was required to train in 2019.

21.     Upon information and belief, Defendant is paying the new employees who replaced Patterson on an hourly basis rather than a salaried basis.

22.     Upon information and belief, Defendant attempted to erase hours from certain workers' time sheets in an effort to show that those employees were not working more than 40 hours per week.

23.     Defendant had a pattern and practice of docking employees' pay if the employee forgot to clock in or out for a given shift.

24.     On multiple occasions, Defendant attempted to or did delete entire shifts from an employee's time card if they forgot to clock in or out for a given shift.

## COUNT ONE

### FAILURE TO PAY OVERTIME WAGES — 29 U.S.C. § 207

25.     Patterson realleges the foregoing paragraphs and incorporates them herein.

26.     At all relevant times, Defendant was an employer subject to the FLSA.

27.     At all relevant times, Patterson was an employee of Defendant under the FLSA.

28.     Patterson was improperly classified as an exempt employee not subject to the overtime requirements of the FLSA.

29.     Patterson was not paid for overtime hours worked.

30.     Defendant willfully improperly classified Patterson and refused to pay him overtime wages.

*Patterson v. Ace Hardware Stores Inc.*; Case No. _____
\\intdmyl.com\dmylfs\edsi\files\docs\PATT14\20200197\DOC\1599028.DOCX

3

31.     Patterson is entitled to recover all unpaid overtime wages and an equal amount as liquidated damages.

32.     Pursuant to 29 U.S.C. §2 16(b) and A.R.S. § 12-341.01, Patterson is entitled to recover all reasonable attorneys' fees incurred herein.

## COUNT TWO

### UNLAWFUL TERMINATION — 29 U.S.C. § 215

33.     Patterson realleges the foregoing paragraphs and incorporates them herein.

34.     Patterson engaged in protected activity by complaining about his and other employees' improper classifications and unpaid overtime wages.

35.     Defendant subsequently terminated Patterson's employment.

36.     Defendant terminated Patterson's employment because he complained about his and other employees' improper classifications and unpaid overtime wages.

37.     Patterson is entitled to recover all wages lost as a result of his unlawful termination and an equal amount as liquidated damages.

38.     Pursuant to 29 U.S.C. § 216(b) and A.R.S. § 12-341.01, Patterson is entitled to recover all reasonable attorneys' fees incurred herein.

## COUNT THREE

### UNPAID WAGES — A.R.S. §§ 23-352, 355

39.     Patterson realleges the foregoing paragraphs and incorporates them herein.

40.     Defendant improperly withheld or diverted a portion of Patterson's wages without Patterson's prior written authorization.

41.     Patterson is entitled to recover an amount that is treble the amount of these unpaid wages.

42.     Pursuant to A.R.S. § 12-341.01, Patterson is entitled to recover all reasonable attorneys' fees incurred herein.

DECONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

*Patterson v. Ace Hardware Stores Inc.*; Case No. _____
\\intdmyl.com\dmylfs\edsi\files\docs\PATT14\20200197\DOC\1599028.DOCX

4

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.      For an award of damages in an amount to be proven at trial but in any event no less than $267,700.00;

B.      For pre-judgment interest at the statutory rate of ten percent (10%) per annum;

C.      For post-judgment interest at the statutory rate from the date of Judgment until paid;

D.      For reasonable attorneys' fees incurred in pursuing this matter pursuant to 29 U.S.C. § 216(b) and A.R.S. 12-341.01;

E.      For Plaintiff's costs incurred herein; and

F.      For such other and further relief as the Court deems just and proper.

DATED this 1st day of May, 2020.

DECONCINI MCDONALD YETWIN & LACY, P.C.

By: */s/ Sesaly O. Stamps*
    Sesaly O. Stamps
    Tyler H. Stanton
    2525 E. Broadway Blvd., Suite 200
    Tucson, AZ 85716-5300
    Attorneys for Plaintiff

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

*Patterson v. Ace Hardware Stores Inc.*; Case No. _____
\\intdmyl.com\dmylfs\edsi\files\docs\PATT14\20200197\DOC\1599028.DOCX

5